FILED
01 MAR 28 PM 2:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 2 8 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEANNE ALLEN and CAROL BROWN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 98-PWG-2970-S |
| ) | |
| B. R. KEEF HOSIERY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF OPINION

Plaintiffs filed this action alleging claims for hostile work environment and retaliation in violation of Title VII, "The Civil Rights Act of 1964," as amended by the Civil Rights Act of 1994, 42 U.S.C. § 2000e, *et seq*. This action is before the magistrate judge pursuant to the written consent of the parties to the exercise of jurisdiction by the magistrate judge. 28 U.S.C. § 636(c) and LR 73.2.

This case is in an unusual posture as it is before the court on plaintiffs' unopposed motion for summary judgment. (Document #17). Defendant, a sole proprietorship, is not represented by counsel. (See Documents #13, #14, #15).

Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56, *Federal Rules of Civil Procedure*. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.

24

1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

        Plaintiffs have submitted a thorough and well researched brief in support of the motion for summary judgment. Having reviewed not only the undisputed facts presented, the evidence submitted and the cases cited, the court concludes that there is no genuine issue as to any material fact on the issue of liability and that plaintiffs are entitled to summary judgment on both their claims of hostile work environment and retaliation.

        Plaintiffs have requested a trial by jury. This case will be placed on the trial docket for trial before a jury on the issue of damages. Consistent with this memorandum of opinion the

court will simultaneously enter an order granting plaintiffs' motion for summary judgment and placing this case on the jury trial docket.

As to the foregoing it is SO ORDERED this the 28th day of March, 2001.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE