FILED
2001 AUG 28 PM 3: 02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEANNE ALLEN and CAROL BROWN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 98-PWG-2970S |
| ) | |
| B. R. KEEF HOSIERY, ) | |
| ) | |
| Defendant. ) | |

ENTERED
AUG 2 8 2001

## MEMORANDUM OF DECISION

Plaintiffs Jeanne Allen and Carol Brown initiated this civil action with a complaint filed in the United States District Court for the Northern District of Alabama alleging that B. R. Keef Hosiery, a sole proprietorship, had violated plaintiffs' civil rights as secured by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* Ms. Allen and Ms. Brown sought both compensatory and punitive damages.[1] The complaint was amended to include Title VII allegations of sexual harassment (count one) and a retaliation claim (count two). Plaintiffs seek back-pay, reinstatement, front-pay, together with other compensatory, punitive damages as well as attorneys fees, costs and expenses. (Document #2). B.R. Keef Hosiery (herein "Keef") filed an answer. (Document #4).[2] The defendant acknowledged that Jeanne Allen and Carol Brown were employees of Billy R. Keef, individually and doing business as B. R. Keef Hosiery Mill in Ft. Payne, DeKalb County, Alabama. (Document #4). Following a Rule 26 planning meeting the parties executed a joint "Consent to Final Dispositive Jurisdiction by a Magistrate

---

[1]  Plaintiffs also initially requested a jury trial pursuant to 42 U.S.C. § 1981a. (Document #1, ¶ 1). Plaintiffs later withdrew their jury demand. (Document #26.)

[2]  In its answer, Keef contended, *inter alia,* that "this defendant denies plaintiffs are entitled to a jury trial on these issues.

31

Judge." (Document #7). This matter was reassigned to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(c). After the answer had been filed and considerable discovery conducted, defendant's counsel filed a motion to withdraw from the continued representation of Billy R. Keef, Jr. and B. R. Keef Hosiery. (Document #15/11). A hearing was scheduled to consider the motion of defendant's counsel. The order which set the hearing required defendant's counsel to notify Mr. Keef by certified mail that the attorney intended to withdraw and provide the court with notice of service. (Document #13). Although the record reflects that Mr. Keef, Jr. received the notice, he did not contact his counsel nor appear at the hearing. (See document #14). Later, plaintiffs filed a motion for summary judgment pursuant to the provisions of Rule 56, *Federal Rules of Civil Procedure*. (Document #17). The motion was accompanied by relevant evidentiary submissions. Defendant was instructed to file a brief, together with evidentiary materials in response to the motion. (Document #20). The motion for summary judgment remained unopposed.[3/] The court deemed the motion for summary judgment to be unopposed. (Document #22). On March 20, 2001, a memorandum of opinion was entered in which the court found the liability under Title VII to have been established. (Document #24). A hearing was scheduled to address damages. (See Document #24). By separate order, defendant was once again notified of the action of the court. (Document #25). A jury trial was scheduled for July 16, 2001. After the jury trial had been scheduled, plaintiffs withdrew their jury demand. (Document #26). The jury trial was continued and defendant notified that plaintiffs had withdrawn the jury demand. Defendant was provided an opportunity to notify the court of his position with respect to a jury trial. (Document

---

[3/] The order requiring the defendant to respond to the motion for summary judgment was mailed to B.R. Keef Hosiery, c/o. Billy Randall Keef, Jr., Keef Hosiery Mill, Inc. to the attention of Bill Keef, Sr., to Bill Keef, Sr., individually, and B. R. Keef Hosiery, attention Billy Randall Keef, Jr.

2

#27). The matter was re-set for August 13, 2001. Mr. Keef did not respond to that order. On August 13, 2001 plaintiffs appeared together with their counsel. Defendant, once again, failed to appear.

## FACTUAL FINDING

B. R. Keef Hosiery is a sole proprietorship owned and operated by Billy R. Keef in Dekalb County, Alabama. The Title VII jurisdictional elements are uncontested. The workers at Keef Hosiery are paid commensurate with their production. Although compensated on a piece-work basis, plaintiffs were able to earn approximately $19,000 per year. Few, if any, non-skilled jobs in the area paid as much as the mill. Plaintiff Carol Brown began her employment with B. R. Keef Hosiery in 1988 and continued until terminated on September 18, 1997. Plaintiff Jeanne Allen began work in March of 1997 and was terminated on September 18, 1997. In 1997, Billy Randall Keef, Jr. hired Randy Edwards as a supervisor. Edwards supervised the "seaming" department. Both plaintiff Allen and plaintiff Brown worked under the supervision of Edwards. Elizabeth Hall, also an employee of Keef, was the office manager in the same mill.

Both Ms. Allen and Ms. Brown testified credibly to persistent, pervasive, humiliating, disgusting, and threatening conduct on the part of Randy Edwards, Elizabeth Hall and Billy Randall Keef, Jr.. Plaintiffs were sexually harassed, threatened and subjected to the most vile and sexually explicit conduct that can be imagined in a work place. Ms. Brown testified that profanity, sexual comments and racial comments permeated the work place.[4/] She testified that she would be "mooned" meaning that employees would drop their trousers and expose their buttocks. She was frequently called "bitch." She was asked to watch pornographic movies when working on the

---

[4/] A white female employee, the mother of a child by an African American, was often taunted in Brown's presence with both racial and sexual comments.

3

second shift. Edwards often stated that the only function for a woman was to produce children. Edwards frequently carried a pistol. He would routinely make sexual comments and suggestions. On one occasion when Ms. Brown complained that the mill was too hot, Edwards told her that she should take her shirt off and not wear underwear. Edwards frequently groped female employees. Edwards once attempted to induce a 76 year old female employee to telephone a sex hotline.

Ms. Brown testified that Elizabeth Hall, the office manager, did not wear underwear to work. On more than one occasion Hall exposed her genitals and breasts to the employees while making offensive and explicit sexual remarks. Brown was often asked if she had sex the night before, whether sex was pleasurable at her age, whether she would engage in oral sex and similar humiliating inquiries. Ms. Brown complained to both Billy Randall Keef, Jr. and Billy Randall Keef, Sr. On September 18, 1997 Edwards became particularly abusive and threatening. Plaintiffs left the mill to go to a second hosiery mill operated by Billy Randall Keef, Sr. They were fired when they returned. Ms. Brown testified to her feelings of disgust and violation. She was required to continue working under such conditions because no other job in the area could provide the kind of income she could earn at the mill. She testified that she was treated by a physician for night terrors. She was unable to discuss the humiliating occurrences with her husband for fear that he would become violent. This pressure also contributed to her emotional injury.

Plaintiff Jeanne Allen testified that she was frequently subjected to sexual harassment. Both Edwards and Hall constantly spoke of sex and engaged in revolting conduct. Ms. Allen testified that Edwards thought "he could grab you any time he wanted." Edwards would call the female employees "bitches." Ms. Allen, a friend of the Keef family, complained on more than one occasion to Billy Randall Keef, Jr. She was only told that Edwards meant nothing by his conduct. Like Ms. Brown, Ms. Allen was exposed to the sexual abuse and harassment of Edwards

4

and Elizabeth Hall. Like Ms. Brown, Ms. Allen was humiliated, embarrassed and left distraught by the vile conduct to which she was exposed on a daily basis. When she complained to Billy Randall Keef's father on September 18, 1997 she was fired.

Ms. Allen calculated her back-pay plus interest lost at $56,115.81. Ms. Brown calculated her back-pay plus interest at $80,094.85. The severity of the harassment of each plaintiff, together with credible testimony concerning emotional and mental distress, physical manifestations of emotional distress, medical treatment required as a result of their ordeal and financial losses other than back-pay requires an award of compensatory damages for Jeanne Allen in the amount $150,000 and Carol Brown in the amount of $240,000. The outrageous conduct of the owner, officer manager and supervisor after repeated complaints concerning the unrelenting sexual nature and the humiliation and harassment of the plaintiffs clearly warrants punitive damages in the amount $500,000. At the direction of the court plaintiffs have submitted a motion for attorneys fees and expenses (document #30) together with affidavits in support of the fees and expenses. (Document #29; see also document #28).

After consideration of the affidavits, the motion and evidentiary submissions including time sheets and costs, attorneys fees are assessed in the amount $24,850.50.[5] Costs are further taxed to the defendant in the amount of $879.07.

As to the foregoing it is SO ORDERED this the 28th day of August, 2001.

PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE

---

[5] This includes paralegal fees.